1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9 RICHARD H. CAREY,

10         Petitioner,                   No. CIV 10-1878 KJM EFB P

11     vs.

12 JOHN HAVILAND,

13         Respondent.           <u>FINDINGS AND RECOMMENDATIONS</u>

14 _____/

15        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

16 U.S.C. § 2254. He challenges the California Board of Parole Hearings' 2008 finding that he was

17 unsuitable for parole, claiming that the Board's decision violated his federal right to due process.

18 Dckt. No. 1 at 6-9, 14.

19        In California, a prisoner is entitled to release unless there is "some evidence" of his or her

20 current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re*

21 *Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). But the United States Supreme Court held that

22 federal habeas review of a parole denial is limited to the narrow question of whether a petitioner

23 has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. ___ (2011), No. 10-333, 2011 WL

24 197627, at *2 (Jan. 24, 2011). In other words, a federal court may only review whether a

25 petitioner has received a meaningful opportunity to be heard and a statement of reasons why

26 parole was denied. *Id*. at **2-3 (federal due process satisfied where petitioners were "allowed to

1    speak at their parole hearings and to contest the evidence against them, were afforded access to

2    their records in advance, and were notified as to the reasons why parole was denied").  Thus, this

3    court may not review whether the Board correctly applied California's "some evidence"

4    standard.  *Id.* at *2.

5         Petitioner does not allege that he was not afforded constitutionally adequate process as

6    defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a

7    statement of reasons why the Board denied him parole.  Accordingly, it is hereby

8    RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

9         These findings and recommendations are submitted to the United States District Judge

10    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11    after being served with these findings and recommendations, any party may file written

12    objections with the court and serve a copy on all parties.  Such a document should be captioned

13    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

15    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16         In any objections he elects to file, petitioner may address whether a certificate of

17    appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule

18    11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

19    certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*

20    *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

21    appealability to review the denial of a habeas petition challenging an administrative decision

22    such as denial of parole by the parole board).

23    DATED:  December 15, 2011.

24

25                  EDMUND F. BRENNAN
                   UNITED STATES MAGISTRATE JUDGE

26